# CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-07359-PSG (SK) | Date | September 6, 2019 |
| Title | Willie A. Mills v. Warden | | |

Present: The Honorable   Steve Kim, U.S. Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE**

    In August 2019, Petitioner filed a petition under 28 U.S.C. § 2254 challenging his 2014 state conviction for carjacking. (Pet., ECF 1 at 2). Petitioner had counsel and pled nolo contendere to the crime. (*Id.*). In his petition, he claims that newly discovered alibi evidence proves he was innocent. (*Id.* at 5). He also claims ineffective assistance of counsel for his attorney's unspecified failure to investigate before he entered his plea. (*Id.*). And he claims that his conviction is invalid because the carjacking statute, Cal. Penal Code § 215(a), is unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (*Id.* at 6). It "plainly appears," however, that Petitioner "is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases; *see* L.R. 72-3.2.

    At the outset, the petition is not fully exhausted because, as Petitioner concedes, he never raised his *Johnson* claim in the state appellate courts. (Pet. at 6). To satisfy the exhaustion requirement, Petitioner must exhaust available state court remedies up to the state's highest court for each claim in his federal petition. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Otherwise, his petition is mixed and must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). To avoid dismissal of his mixed petition (absent a stay under *Rhines v. Weber*, 544 U.S. 269 (2005), which he has not requested), Petitioner would ordinarily have to amend his petition by removing the unexhausted *Johnson* claim. *See Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014). But amendment of the petition for this purpose would be futile because Petitioner's remaining claims offer no basis for habeas relief anyway.

    First, newly discovered evidence is not cognizable as a freestanding claim for habeas relief. *See McQuiggin v. Perkins*, 569 U.S. 383, 384 (2013); *Townsend v. Sain*, 372 U.S. 293, 317 (1963). Petitioner must show that "an independent constitutional violation occur[ed] in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). In other words, "a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim[s] considered on the merits." *Id.* at 404. So while Petitioner's assertion of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07359-PSG (SK) | Date | September 6, 2019 |
|---|---|---|---|
| Title | Willie A. Mills v. Warden | | |

newly discovered evidence could be relevant to the timeliness of his cognizable claims (which is discussed below), it cannot stand alone as an independent basis for federal habeas relief.

Second, Petitioner's ineffective assistance of counsel claim is legally barred by *Tollett v. Henderson*, 411 U.S. 258 (1973). Under *Tollett*, a "a guilty plea represents a break in the chain of events which has preceded it in the criminal process" so that a defendant "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to" the plea. *Id.* at 266-67. *Tollett* applies equally to pleas of nolo contendere. *See Ortberg v. Moody*, 961 F.2d 135, 137-38 (9th Cir. 1992). And there are only narrow exceptions to the *Tollett* bar, none of which appears to apply here. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Lefkowtiz v. Newsome*, 420 U.S. 283, 288 (1975). So Petitioner's only exhausted claim—that his counsel was ineffective for failing to conduct an unspecified pre-plea investigation—is foreclosed by *Tollett* as a basis for relief. *See, e.g., Estrada v. Tampkins*, 2019 WL 4145063, at *4 (C.D. Cal. July 19, 2019) ("Petitioner's ineffective-assistance-of-counsel claims are barred by *Tollett* because the Petition does not assert that his counsel's conduct rendered his plea involuntary or unintelligent."); *Barclay v. Chappell*, 2014 WL 931867, at *8 (E.D. Cal. Mar. 10, 2014) ("[A] claim of actual innocence is a direct contradiction to a guilty plea and is therefore barred by *Tollett*.").

All that said, even if Petitioner could exhaust his *Johnson* claim in state court and then amend his federal petition to reallege both that claim and his ineffective assistance claim, he would still get no habeas relief for a separate reason: the claims are untimely. Timeliness is determined "on a claim-by-claim basis." *Mardesich v. Cate*, 668 F.3d 1164, 1173 (9th Cir. 2012). So take Petitioner's ineffective assistance claim first. Since he was sentenced in March 2014 but never appealed his conviction on direct appeal, his conviction became final 60 days later in May 2014.[1] *See* Cal. R. Ct. 8.308(a); *Collett v. Salazar*, 588 F. Supp. 2d 1107, 1109 (C.D. Cal. 2008). From that date, Petitioner had one year until May 2015 to file a timely claim. *See* 28 U.S.C. § 2244(d)(1)(A). No statutory tolling appears available, *see id.* § 2244(d)(2), because Petitioner did not file his first state habeas petition until 2019. (*See* Cal. Ct. App. Case No. B295663). A state habeas petition filed after the expiration of the statute of limitations does not restart a new one-year limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Nor does there appear any basis for equitable tolling of Petitioner's ineffective assistance claim. *See Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012) (petitioner's burden to prove timeliness, including statutory or equitable grounds for tolling).

Petitioner's *Johnson* claim is not timely, either. A § 2254 petition based on a newly established federal right may be timely if filed within one year from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

---

[1] The Court takes judicial notice of the public records, including their absence, of Petitioner's state court proceedings. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07359-PSG (SK) | Date | September 6, 2019 |
|---|---|---|---|
| Title | Willie A. Mills v. Warden | | |

collateral review." 28 U.S.C. § 2244(d)(1)(C). But even if *Johnson* had announced a new rule retroactively applicable to Petitioner's conviction, his claim would still be untimely (even if exhausted).[2] The Supreme Court decided *Johnson* in June 2015 and made it retroactively applicable in April 2016. *See Welch v. United States*, 136 S. Ct. 1257 (2016). The start of the deferred limitations period under § 2244(d)(1)(C) runs not from the date that a Supreme Court decision is made retroactively applicable, but from when the decision itself comes out. *See Dodd v. United States*, 545 U.S. 353, 357-59 (2005). So any claim based on *Johnson* had to be raised by no later than June 2016 to be timely. Yet Petitioner filed his petition here more than three years later in August 2019, making it untimely even if April 2016 were used—incorrectly—as the start of the one-year clock under § 2244(d)(1)(C). For this reason, even if Petitioner had requested a *Rhines* stay in order to exhaust his *Johnson* claim, it would be denied as futile. *See Morrison v. Macomber*, 2017 WL 4534825, at *5 (C.D. Cal. Mar. 28, 2017) (*Rhines* stay is futile if claims in petition sought to be stayed are already untimely).

Nor are either of Petitioner's claims timely under § 2244(d)(1)(D), another provision that like § 2244(d)(1)(C) can sometimes defer the start of a limitations period. Under this provision, the one-year clock starts to run from when the "factual predicate of the claim . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). But critically, "[i]t is the Petitioner's knowledge of the facts underlying his claim, not the evidentiary support of his claim, that starts the running of the statute of limitations" under § 2244(d)(1)(D). *Lyman v. Scribner*, 2008 WL 4857603, at *2 (N.D. Cal. Nov. 10, 2008) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)). Here, Petitioner should have known the fact underlying the alibi affidavit attached to his petition—that he was not at the scene of the crime when it happened—by no later than February 22, 2013, the day of the crime. (Pet. at 11). So it does not matter that Petitioner claims he discovered the new alibi witness only recently. *See Meadows v. Biter*, 980 F. Supp. 2d 1148, 1152 (C.D. Cal. 2013) (although declarant's "written statement may be new, the factual predicate underlying the claim, i.e., that [petitioner did not] accompany[y] [co-defendant] on the burglaries, is not new"); *Clark v. Knipp*, 2013 WL 1907726, at *6 (E.D. Cal. May 7, 2013) ("factual predicate of petitioner's claim—that he is actually innocent of the [] robbery—would have been known to petitioner . . . at the time he entered into the plea deal," not when he discovered someone else was later convicted of robbery). And Petitioner never explains why,

---

[2] This is not imply, however, that Petitioner has a valid *Johnson* claim on his hands—if only it were exhausted and timely. To obtain federal habeas relief on this claim, Petitioner must still prove that a California appellate court's decision rejecting it was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). But by its terms, *Johnson* applied only to the residual clause of the Armed Career Criminal Act, which in turn affects only federal prisoners who receive federal sentences under that Act. *See* 135 S. Ct. at 2557, 2263. So Petitioner could never show that an adverse California state court decision on his *Johnson* claim was "contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent, since no such precedent has squarely held that *Johnson* applies to California's carjacking statute. *See Wright v. Van Patten*, 552 U.S. 120, 126 (2008) ("If Supreme Court "cases give no clear answer to the question presented, . . . it cannot be said that the state court unreasonably applied clearly established Federal law.") (internal quotation marks and alterations omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07359-PSG (SK) | Date | September 6, 2019 |
|---|---|---|---|
| Title | Willie A. Mills v. Warden | | |

"through due diligence, he could not have discovered the facts contained in [the affidavit] sooner." *Lyman*, 2008 WL 4857603, at *2. Because the evidence in the affidavit "was readily discoverable prior to" his plea, *Gandarela v. Johnson*, 286 F.3d 1080, 1087 (9th Cir. 2002), Petitioner is not entitled to a deferred accrual date of the statute of limitations under § 2244(d)(1)(D).

Finally, Petitioner cannot rely on this alibi affidavit to argue successfully that he is exempt from the statute of limitations altogether because he is actually innocent of the crime to which he pled nolo contendere. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" to obtain consideration of procedurally barred claims, like ones filed after the "expiration of the statute of limitations." *McQuiggin,* 569 U.S. at 386. Yet this showing of actual innocence "does not merely require a showing that a reasonable doubt exists in the light of new evidence," *Schlup v. Delo,* 513 U.S. 298, 329 (1995), but that "new, reliable evidence . . . demonstrat[es] that it is more likely than not that no reasonable juror would have found him guilty." *Meadows*, 980 F. Supp. 2d at 1153 (citing *Schlup*, 513 U.S. at 324, 327-28).³ The single, handwritten alibi affidavit here—secured six years after the crime and bereft of salient details—from a person with unknown bona fides does not meet that minimum reliability standard. *See, e.g.*, *Herrera*, 506 U.S. at 423 (affidavits made years after trial—purporting to exculpate a convicted prisoner by offering a new version of events—are "not uncommon" and "are to be treated with a fair degree of skepticism" because they are "obtained without the benefit of cross-examination"); *McQuiggin*, 569 U.S. at 401 (untimeliness of new evidence "proffered to show actual innocence" "bear[s] on [its] credibility"). So no matter if the claims in the petition are exhausted and cognizable, they cannot escape the federal habeas statute of limitations based on Petitioner's belated and suspect claim of actual innocence.

\* \* \* \* \*

For all these reasons, Petitioner is ORDERED TO SHOW CAUSE **on or before October 9, 2019**, why the Court should not summarily dismiss the Petition without leave to amend since it is a mixed petition with an unexhausted claim that, even if later exhausted, could provide no federal habeas relief on the merits and would be untimely in any event.

If Petitioner no longer wishes to pursue this action given the deficiencies in the Petition, he may voluntarily dismiss it without prejudice using the attached Form CV-009. *See* Fed. R. Civ. P. 41(a). **But if Petitioner files no notice of voluntary dismissal or a timely response to this Order, the Court will recommend involuntary dismissal of the action for failure to prosecute.** *See* Fed. R. Civ. P 41(b); L.R. 41-1.

---

³ And if the State dropped or never filed other charges in exchange for Petitioner's nolo contendere plea to carjacking, he must prove that he is actually innocent of the other uncharged crimes too. *See Bousley v. United States,* 523 U.S. 614, 624 (1998).